UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANGING THE WORLD FILMS, LLC, *et al.*,

      *Plaintiffs*,

  v.

NATHANIEL PARKER, *et al.*,

      *Defendants.*

No. 21-cv-2787 (DLF)

**ORDER**

      Plaintiffs Selton and Langston Shaw, and their entertainment company Changing the World Films, LLC, bring this copyright action against the defendants, alleging the unlawful infringement of their screenplay. Compl., Dkt. 1. Defendants Nathaniel Parker, TM Film Finance LLC, ASP Film, LLC, Tiny Giant Productions, LLC, and Vertical Entertainment, LLC ("Film Defendants") moved to dismiss, Dkt. 22. Defendant Shelton Jackson Lee separately moved to dismiss, Dkt. 23. Both sets of defendants argue that this Court lacks personal jurisdiction over them. *See* Film Defs.' Mot. to Dismiss at 6–15; Lee Mot. to Dismiss at 13–18. With leave from the Court, the plaintiffs moved for jurisdictional discovery, Dkt. 29, which all defendants oppose, Dkts. 32, 33. The motion is now ripe for review.

      "This Circuit's standard for permitting jurisdictional discovery is quite liberal." *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003). A party may still obtain discovery even where it has failed to establish a prima facie case of personal jurisdiction, as long as the party has "'at least a good faith belief' that discovery will enable it to establish personal jurisdiction." *Blount v. U.S. Sec. Assocs.*, 930 F. Supp. 2d 191, 197 (D.D.C. 2013)

1

(quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1090 (D.C. Cir.1998)). But the party's "request for jurisdictional discovery cannot be based on mere conjecture or speculation," *FC Inv. Group LC v. IFX Markets, LTD.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008), *overruled on other grounds by Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883 (D.C. Cir. 2021), and cannot consist merely of "generalized allegations." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 53 (D.D.C. 2003). That is, a party "is not entitled to jurisdictional discovery just because [it] hopes that it might turn something up." *Hayes v. FM Broad. Station WETT*, 930 F. Supp. 2d 145, 152 (D.D.C. 2013).

The plaintiffs request discovery on a wide range of topics: whether the defendants conduct, profit from, or are related to any business in the District of Columbia, whether they improperly accessed the plaintiffs' screenplay in the District, and how much they promoted, distributed, and profited from the allegedly infringing film in the District. *See* Pls.' Mot. for Discovery at 7. They claim that this information will show that this Court has general and/or specific personal jurisdiction, pursuant to § 13-423(a)(4) of the D.C. Code, over the defendants. The Court is unpersuaded that the plaintiffs have a good faith basis for seeking discovery in all these areas. First, the defendants each declare that they neither live nor maintain offices or employees in the District. *See* Film Defs.' Mot. to Dismiss, Parker Decl. ¶¶ 3–5, 8; Burg Decl. ¶ 5–6; Jarowey Decl. ¶ 5, 7; Lee Mot. to Dismiss, Lee Decl. ¶ 17–20. Defendants TM Film and Vertical Entertainment declare that they conduct no business in the District at all. Burg Decl. ¶ 6; Jarowey Decl. ¶ 7. The plaintiffs offer nothing concrete to suggest that any defendant "regularly does or solicits business [or] engages in any other persistent course of conduct" that would satisfy D.C.'s long-arm statute. § 13-423(a)(4). Instead, they can point only to sporadic contacts, such as Lee's one-time visit to D.C. for a book signing (unrelated to the allegedly

infringing film) in December 2021, *see, e.g.*, Pls.' Mot. at 7–9, or conjecture, *see id.* at 6 ("It is not unreasonable to assume Mr. Lee has contacts with the Nation's Capital, as one of the United States' premier filmmakers."). But the plaintiffs cannot obtain discovery by meeting "defendants' affidavit evidence with mere speculation." *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62 (D.D.C. 2006).

Further, the plaintiffs' request for information about the defendants' access to their screenplay is "a thinly-veiled effort to obtain discovery on the merits of their case." *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 189 (D.D.C. 2018). And at this time, the Court will also not allow discovery into the defendants' profit from the film in the District. Defendant Vertical Entertainment declares that the film was not released in any D.C. theaters, nor was the company directly involved in making the film available to D.C. residents on third-party streaming platforms. Jarowey Decl. ¶ 6. Caselaw regarding personal jurisdiction and the Internet indicates that "mere distribution of the [film] through websites accessible to District residents is insufficient absent allegations that . . . the residents used the website in a continuous and systematic way." *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 47 (D.D.C. 2018) (internal quotation omitted); *see also Hayes*, 930 F. Supp. 2d at 151–52. Plus, the defendants here do not own or operate the streaming platforms. Jarowey Decl. ¶ 6. Thus, the Court finds that information about the streaming revenue would not be relevant to proving jurisdiction.

Finally, the Court will allow limited discovery regarding the film's promotion in the District. The plaintiffs point to a couple contacts, though somewhat tenuous, related to promotion: Defendant Parker posted on Instagram to direct residents of various cities, including D.C., to the closest theater to watch the film. Pls.' Mot. at 7. The theater in question, the defendants note, was not actually in the District. *See* Film Defs.' Mot. at 8. This Instagram post

also recommended various restaurants in the District. Pls.' Mot. at 7. Defendant Vertical Entertainment's name appears on the Instagram post. *Id.* at 8–9. Parker also took part in a virtual panel for the Howard University Alumni Association, *id.* at 7–8; however, he participated in the panel from Los Angeles and never showed the film at the university, *see* Film Defs.' Mot., Parker Decl. ¶ 3, Dkt. 33-4. The plaintiffs thus have a basis to believe that the defendants engaged in further promotion in D.C. But this is true only as to the Film Defendants. Defendant Lee declares that he promoted the film only at the Venice Film Festival and in Instagram posts not directed to the District. Lee Decl. ¶ 9–11. The plaintiffs have offered nothing to contradict that sworn declaration.

Accordingly, it is

**ORDERED** that the plaintiffs' motion for jurisdictional discovery, Dkt. 29, is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED** that jurisdictional discovery is granted as to the Film Defendants' promotion of American Skin in the District of Columbia. It is further

**ORDERED** that on or before March 11, 2022, the parties shall submit a joint post-discovery status report proposing a schedule for proceedings in this matter.

**SO ORDERED**.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

February 10, 2022