**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANGING THE WORLD FILMS, LLC, SELTON SHAW, and LANGSTON SHAW,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATHANIEL PARKER *a/k/a* NATE PARKER, TM FILM FINANCE, LLC *d/b/a* TM FILMS, TINY GIANT PRODUCTIONS, LLC *d/b/a* TINY GIANT ENTERTAINMENT, VERTICAL ENTERTAINMENT, LLC, SHELTON JACKSON LEE *a/k/a* SPIKE LEE, and ASP FILM, LLC,<br><br>*Defendants*. | Case No. 1:21-cv-2787-DLF |

**JOINT STATUS REPORT**

Pursuant to this Court's February 10, 2022 and March 8, 2022 Orders (*see* Dkt. 35, 37), the parties jointly submit the following status report regarding jurisdictional discovery:

- The Film Defendants[1] produced documents on March 23, 2022.

- Plaintiffs took the deposition of defendant Nathaniel Parker on March 30, 2022.

- It is Plaintiffs' position that jurisdictional discovery is incomplete given that (a) documents were mentioned during the aforementioned deposition that had not been produced, and (b) Mr. Parker could not answer numerous questions about the promotion of the film *American Skin*. For example, during his deposition, Mr. Parker was shown a document produced

---

[1] Nathaniel Parker, Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance LLC, and Vertical Entertainment, LLC.

1

by the Film Defendants that purported to be the "final report" regarding a digital advertising campaign for the film *American Skin*, which was attached to an email with multiple recipients from Defendant Vertical Entertainment, LLC, including Mr. Peter Jarowey (who submitted a declaration in support of the Film Defendants' motion to dismiss [Dkt. 22-4]).  (*See* FILMDEF-000054 to 000062.)  Mr. Parker indicated that he had "never seen this before" (Rough Tr. 65:18-24), and could not answer questions about the document's contents.  When asked "[w]ho do you think the person with the most knowledge is based on your personal knowledge about the promotional acivies of the film," Mr. Parker answered "I understand Peter [Jarowey] to be a CEO maybe or head of the company.  *I imagine you should reach out to him.*"  (Rought Tr. 75:14-20 (emphasis added).)  And ultimately, when asked if he "consider[ed] where the folks that might go and see your film were located," Mr. Parker answered that there "are teams for that.  I am an artist.  I don't think about those things as much."  It is Plaintiffs' position, therefore, that (a) the Parker Defendants should supplement their production, and (b) Plaintiffs need to take the deposition of a corporate representative from Vertical Entertainment, LLC pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure or, alternatively, depose Mr. Peter Jarowey.  Film Defendants' position that Plaintiffs should have requested discovery of Vertical Entertainment, LLC at some earlier time is belied first by the timing of their document production (which came a week before the date of Mr. Parker's deposition), and second by the fact that Mr. Parker could not adequately testify about the issues directly bearing on jurisdiction thereby necessitating further discovery from the very party and person that Mr. Parker himself identified two days ago.

        As for Defendant Spike Lee's position that the Court should proceed to hear his motion to dismiss while jurisdictional discovery is being completed, the Plaintiffs note that if

they amend their complaint—which they intend to do promptly upon completing discovery—Mr. Lee will once again be a defendant, so expending the Court's time and resources on adjudicating a motion that will be moot when a new complaint is filed is inefficient and wasteful.

- It is the Film Defendants' position that they have fully complied with the Court's order regarding jurisdictional discovery, including producing relevant documents and agreeing to Plaintiffs' request to a deposition of defendant Nathaniel Parker, which took place on March 30, 2022. During that deposition, Plaintiffs' counsel asked numerous questions about defendant Shelton Jackson Lee despite the Court's order limiting jurisdictional discovery to the Film Defendants, numerous more questions about promotion outside of the District of Columbia, and other questions unrelated to promotion at all. Contrary to Plaintiffs' characterization, Mr. Parker competently testified to the questions asked of him that were within the scope of the Court's order. Regarding Vertical Entertainment, Plaintiffs have known of Vertical's involvement in promoting the Film for months. The Court's order allowing limited jurisdictional discovery itself notes that "Defendant Vertical Entertainment's name appears on the Instagram post." Dkt. 35 at 4. Moreover – as Plaintiffs reference above – Mr. Jarowey submitted a declaration on December 16, 2021, in support of the Film Defendants' motion to dismiss in which he referenced Vertical's marketing efforts in connection with the Film, explained that the Film was released in approximately 80 theaters nationwide, and declared that Vertical did not market or promote the Film in the District of Columbia. Dkt. 22-4. Plaintiffs could have propounded interrogatories and/or sought the deposition of Vertical or Mr. Jarowey at the start of jurisdictional discovery, but instead decided to focus on deposing Mr. Parker. Moreover, the fact that Mr. Parker said there are teams that determine where the Film could be exhibited is irrelevant to any promotional activities in the District of Columbia (in any event, the Film Defendants produced documents

identifying the theaters that exhibited the Film). The Film Defendants will oppose any effort to engage in further jurisdictional discovery and, if the Court is inclined to allow further jurisdictional discovery at this late stage, the Film Defendants request the opportunity to fully brief the issue. Instead, the Film Defendants ask the Court to set a schedule for Plaintiffs to file their amended complaint. The Film Defendants propose the following schedule: Plaintiffs' deadline to amend their complaint: April 29, 2022; Defendants' deadline to respond to the amended complaint: May 27, 2022; Plaintiffs' deadline to oppose any motions to dismiss: June 24, 2022; and Defendants' deadline to file any replies: July 15, 2022.

- It is defendant Shelton Jackson Lee p/k/a Spike Lee's position that, whether or not the Court orders additional jurisdictional discovery of the Film Defendants, there should be no further delay in the resolution of Mr. Lee's pending motion to dismiss this action insofar as it is predicated on the ground of lack of personal jurisdiction. As the Court denied plaintiffs' request to obtain jurisdictional discovery concerning Mr. Lee activities in respect of the film at issue, plaintiffs possess all potentially relevant evidence, if any, that they may rely upon in opposing Mr. Lee's pending motion to dismiss on jurisdictional grounds. As set forth in Mr. Lee's motion to dismiss, there simply is no basis for this Court to exercise personal jurisdiction over Mr. Lee in this action, and Mr. Lee respectfully suggests that it would be unjust, unduly burdensome and inefficient to compel him to await the resolution of the discovery issues raised by plaintiffs and the Film Defendants or the filing of amended pleadings, when such activities will not affect the merit or ultimate disposition of Mr. Lee's motion to dismiss. Mr. Lee thus asks that--unless plaintiffs agree to voluntarily dismiss Mr. Lee from the action--the Court direct plaintiffs to file their Opposition to his motion to dismiss on the ground of lack of personal jurisdiction by April 22, and Mr. Lee to file his Reply by May 6. Mr. Lee does not waive, but specifically preserves,

the grounds for dismissal set forth in his motion based upon plaintiffs' failure to state a claim, but he proposes deferring the completion of briefing and the Court's decision on those substantive grounds until after the Court rules on Mr. Lee's jurisdictional grounds for dismissal.

If the Court has any questions, the parties in this matter are available at the Court's convenience.

DATED:  April 1, 2022	Respectfully submitted,

/s/ Nicolas A. Jampol
Nicolas A. Jampol (*pro hac vice*)
Cydney Swofford Freeman (*pro hac vice*)
Samantha Lachman (*pro hac vice*)
Davis Wright Tremaine LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-8651
nicolasjampol@dwt.com
cydneyfreeman@dwt.com
samlachman@dwt.com

Alison Schary (DC Bar No. 1014050)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500
Washington, DC  20005
Tel: (202) 973-4248
alisonschary@dwt.com

*Attorneys for Defendants Nathaniel Parker, Tiny Giant Productions, LLC, ASP Film, LLC, TM Film Finance, LLC, and Vertical Entertainment, LLC*

**[signatures continue on following page]**

/s/ Benjamin Margulis
Joshua I. Schiller (pro *hac vice*)
Benjamin Margulis (pro *hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300
jischiller@bsfllp.com
bmargulis@bsfllp.com

Leonard Bennett
D.C. Bar No.: 979516
BENNETT & BENNETT LAW GROUP, LLC
5000 Sunnyside Avenue, No. 101
Beltsville, MD 20705
Tel: (240) 398-3140
leonard@bblegal.net

*Attorneys for Plaintiffs Changing the World Films, LLC, Selton Shaw, and Langston Shaw*


/s/ John J. Rosenberg
John J. Rosenberg (*pro hac vice*)
Matthew Giger (*pro hac vice*)
ROSENBERG, GIGER & PERALA P.C.
Carnegie Hall Tower
152 West 57th Street, 18th Floor
New York, NY 10019
Tel: (646) 494-5000
jrosenberg@rglawpc.com

Frank C. Morris Jr. (DC Bar No. 211482)
EPSTEIN, BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, DC 20037
Tel: (202) 861-0900
fmorris@ebglaw.com

*Attorneys for Defendant Sheldon Jackson Lee p/k/a "Spike" Lee*